**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALFRED MAURICE BLACKWELL,       )<br>                                                         )<br>              Petitioner,                        )<br>                                                         )<br> vs.                                                    )<br>                                                         )<br> DWIGHT W. NEVEN, *et al.*,              )<br>                                                         )<br>              Respondents.                   )<br> _____ / | 2:06-cv-1598-PMP-RJJ<br><br>**ORDER** |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by Alfred Maurice Blackwell, a Nevada state prisoner. This case comes before the Court with respect to the merits of the petition.

**I.     Procedural History and Background**

The underlying facts of this case concern petitioner and his co-defendant's involvement in the robbery of a jewelry store in Las Vegas, during which the store's staff were bound, beaten, and seriously injured. Petitioner was charged in the amended information with the following: burglary while in possession of a firearm; first degree kidnapping with the use of a deadly weapon, victim 65 years of age or older resulting in substantial bodily harm; first degree kidnapping

1  with the use of a deadly weapon resulting in substantial bodily harm; robbery with use of a deadly
2  weapon, victim 65 years of age or more, robbery with use of a deadly weapon. (Exhibit C).
3         A jury trial began on July 22, 2003. (Exhibit D). The trial continued on July 23 and
4  24, 2003. (Exhibits E and F). On July 24, 2003, during the trial, petitioner decided to accept an
5  offer and enter a guilty plea. An amended information was filed which reflected the negotiation: that
6  Blackwell would plead guilty to two counts of robbery, without any modifications based on use of
7  weapons or age of the victims. (Exhibit G). Petitioner read and signed a guilty plea agreement,
8  indicating his agreement with the negotiation of the case. (Exhibit H).
9         The guilty plea agreement sets forth the negotiation between the parties. In exchange
10 for the guilty plea to two robbery counts, the State retained the right to argue for any lawful
11 sentence. (Exhibit H). Blackwell faced numerous felonies, which carried a substantially higher
12 sentence than what he faced as a result of the negotiation. The plea agreement indicates that
13 petitioner understood he was giving up constitutional rights as a result of the plea, including the right
14 against self-incrimination and the right to appeal his conviction. (Exhibit H, at pp. 3-4).
15        In addition to the written guilty plea agreement, the trial court canvassed petitioner
16 concerning his plea on July 24, 2003. (Exhibit F, at pp. 90-95). Petitioner was questioned by the
17 Court, and indicated that he offered his plea freely and voluntarily, that he had fully discussed the
18 plea with his attorney, and that he believed the plea to be in his best interest. (Exhibit F, at pp. 90-
19 95). Petitioner expressly stated that he understood that an "aiding and abetting" theory was added to
20 the information, and that he agreed that he aided co-defendant Brown in committing the robbery.
21 (Exhibit F, at p. 94). It was explained to petitioner in open court that the negotiation carried a
22 possible maximum sentence of two to fifteen years, per count, and that the Court would decide if the
23 counts ran concurrent or consecutive. (Exhibit F, at pp. 86-87).
24        The plea colloquy then turned to the facts of the case, at which time petitioner
25 admitted that he "was involved in a robbery." (Exhibit F, at p. 92). Petitioner further stated that he
26

1 aided and abetted his co-defendant in threatening the victims with physical injury, the purpose of
2 which was to make them turn over jewelry and other items.  (Exhibit F, at p. 92).  The Court
3 accepted the plea and set the matter for sentencing.

4       The sentencing hearing was held on September 23, 2003.  (Exhibit I).  The State had
5 retained the right to argue and recounted the facts of the case.  Referring to the presentence report,
6 the State noted that petitioner had a previous charge of eleven counts of theft of firearms, and that
7 petitioner was found guilty of one count of theft.  (Exhibit I, at p. 3).  The State pointed out that
8 petitioner "acknowledged that he was an associate member of the East Coast Crips in Los Angeles."
9 (Exhibit I, at p. 3).  The State also noted that the victims feared for their safety if they were called to
10 testify, and that this was a primary factor in the offered negotiation.  The maximum sentence was
11 requested by the State.  (Exhibit I, at p. 4).

12       Petitioner's attorney then pointed out alleged errors in the presentence report.
13 (Exhibit O).  Defense counsel stated the error was that cars, not firearms, were the instrument of the
14 prior theft charge.  (Exhibit I, at p. 4).  Petitioner then addressed the court and indicated remorse for
15 the offense.

16       Petitioner's attorney addressed the court and explained that petitioner had been scared
17 throughout the case.  Counsel pointed out that it was the co-defendant who had the gun during the
18 robbery, and argued that the co-defendant was the leader of the robbery.  (Exhibit I, at p. 8).
19 Counsel pointed out petitioner's limited criminal history and argued for concurrent sentences of 42
20 to 120 months.  (*Id.*).

21       One of the victims also spoke about the crime at the sentencing hearing.  He pointed
22 out his severe injuries, the fact that he and his friend were tied up and helpless, and that the
23 defendants continued to physically assail them, and requested the court impose the maximum
24 sentence.  (Exhibit I, at pp. 10-11).

25
26

3

The court pronounced the sentence, noting that petitioner received favorable negotiations wherein the prior charges were "very much more serious" than the negotiated ones. The court referred to petitioner's conduct as "outlandish." The Court imposed the maximum sentence of 72 to 180 months on each count, to be served consecutively. (Exhibit I, at p. 13). Restitution was imposed in the amount of $143,541.75. (*Id.*).

The judgment of conviction was filed on October 1, 2003. (Exhibit J). On October 24, 2003, petitioner filed a notice of appeal. (Exhibit K). On April 7, 2004, the Nevada Supreme Court filed its order of affirmance. (Exhibit N).

Petitioner filed a *pro per* post-conviction habeas petition in state court on November 9, 2004. (Exhibit O). The state district court held an evidentiary hearing on the petition. (Exhibit Q). After considering the totality of the circumstances, including the written guilty plea, the plea canvass, and the results of the state post-conviction evidentiary hearing, the state district court found that the guilty plea was freely and voluntarily given, and denied the petition. (Exhibit Q, at p. 45). Written findings of fact and conclusions of law were filed April 4, 2006. (Exhibit R).

On April 4, 2006, petitioner filed a notice of appeal to the Nevada Supreme Court concerning the denial of his state habeas petition. (Exhibit S). On September 20, 2006, the Nevada Supreme Court filed its order affirming the trial court's decision. (Exhibit T).

This Court received petitioner's federal habeas petition on December 13, 2006. (Docket #1, #4). Respondents filed an answer on March 27, 2007. (Docket #11). Petitioner requested an extension of time to file a reply, which the Court granted. (Docket #16). Petitioner did not, however, file a reply. The Court now turns to the merits of the petition.

**II.     Federal Habeas Corpus Standards**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not

4

>be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v.*

5

*Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**III.  Discussion**

**A.  Ground One**

Petitioner alleges that the trial court violated his Eighth Amendment rights by imposing the maximum possible sentence. Petitioner claims that the sentence imposed is grossly disproportionate to the crime and thus violates his Eighth Amendments rights against cruel and unusual punishment. In considering this claim on direct appeal, the Nevada Supreme Court noted that the Eighth Amendment does not require strict proportionality between the crime and sentence, but forbids only an extreme sentence that is "grossly disproportionate" to the crime. *Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991).  (Exhibit N, at p. 1).

In *Harmelin*, the United States Supreme Court determined that the imposition of a mandatory life sentence without the possibility of parole did not violate the Eighth Amendment. The Court announced that "[t]he Eighth Amendment contains no proportionality guarantee." *Id.* at 965. While an earlier United States Supreme Court case, *Solem v. Helm*, 463 U.S. 277 (1983), suggests that courts should invoke a proportionality test, and should compare a defendant's sentence to others within the jurisdiction for similar crimes, *Harmelin* makes clear that such comparative analysis need not be performed unless the sentence imposed "gives rise to an inference of gross disproportionality." *Harmelin*, 501 U.S. at 1005. Other United States Supreme Court cases dictate upholding defendants' sentence, even where the sentence seems harsh in light of the offense committed. *Rummel v. Estelle*, 445 U.S. 263 (1980) (life sentence upheld where defendant was repeated offender and committed third felony of stealing $120); *Hutto v. Davis*, 454 U.S. 370 (1982)

(40-year prison sentence upheld where defendant was convicted of possession with intent to sell nine ounces of marijuana); *Ewing v. California*, 538 U.S. 11 (2003) (upholding 25-year sentence of habitual criminal defendant for stealing three golf clubs, holding that the states may dictate how they wish to deal with recidivism issues).  In a case similar to the one at bar, the Ninth Circuit found no Eighth Amendment violation in the imposition of consecutive sentences for multiple robbery convictions based on the seriousness of the crime of robbery and the fact that the sentences imposed were within statutory limits.  *U.S. v. Harris*, 154 F.3d 1082, 1084 (9th Cir. 1998).

The factual findings of the state court are presumed correct.  28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  The Nevada Supreme Court made a reasonable application of federal law.  (Exhibit N, at pp. 1-3).  The sentence imposed was within statutory limits and is not grossly disproportionate to the crimes to which petitioner pled. Petitioner's sentencing was not a violation of his Eighth Amendment protections against cruel and unusual punishment.  Ground One of the petition is denied.

**B.  Ground Two**

Petitioner claims ineffective assistance of counsel at or prior to sentencing, alleging the following: (1) failure to present any mitigating evidence at sentencing; (2) failure to investigate petitioner's prior criminal history, specifically, the alleged theft of firearms; (3) failure to investigate petitioner's gang affiliation, and failure to object to statements regarding his gang affiliation made by the district attorney at sentencing; (4) failure to object to false accusations at sentencing; (5) failure to bring to court's attention alleged false information contained in the presentence report; (6) failure to refute aggravating circumstances; (7) failure to refute restitution amounts; (8) failure to

7

argue for probation; (9) failure to subpoena witnesses for sentencing; and (10) failure to call character witnesses at sentencing.

Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. *Williams v. Taylor,* 529 U.S. 362, 390-391 (2000) (citing *Strickland,* 466 U.S. at 687). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. *Strickland,* 466 U.S. at 689. It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *Id.*

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an 'objective standard of reasonableness,'. . . 'under prevailing professional norms.'" *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (quotations omitted). If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of the *Strickland* standard. *See Yarborough v. Gentry,* 540 U.S. 1, 5 (2003). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

**1. Failure to present mitigating evidence at sentencing**

Petitioner claims that he received ineffective assistance of counsel because his attorney failed to present any mitigating evidence at sentencing. The Nevada Supreme Court addressed this claim in ruling on petitioner's post-conviction habeas petition. (Exhibit T, at p. 5). The Nevada Supreme Court found that petitioner did not show that his counsel acted unreasonably and did not show prejudice. (Exhibit T, at p. 5).

The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

This Court has reviewed the record with respect to petitioner's claim of ineffective assistance of counsel. Petitioner has not specified what evidence should have been presented, or that a less harsh sentence would have resulted from the presentation of any particular evidence. In mitigation, petitioner's counsel pointed out errors in the presentence report and argued that petitioner was not the "leader" of the robbery. (Exhibit I). Counsel's performance did not fall beyond an objective standard of reasonableness under prevailing norms. Nor has petitioner satisfied the prejudice prong of the *Strickland* analysis, as he has not shown that, but for the alleged errors of counsel, the outcome of the proceeding would have been different. Petitioner's counsel was not ineffective and this Court will deny habeas relief with respect to Ground Two, Part 1.

**2. Failure to investigate petitioner's prior criminal history**

Petitioner claims his counsel was ineffective for failing to investigate petitioner's prior criminal history, specifically, the alleged eleven counts of theft of firearms. The Nevada Supreme Court addressed this claim and found that petitioner did not show that his counsel acted unreasonably, and did not show prejudice. (Exhibit T, at pp. 5-6). The Nevada Supreme Court

1 noted that trial counsel objected to the characterization of the theft as one of "firearms" at the time of
2 sentencing, and the trial court accepted this explanation. (Exhibit T, at p. 6).

3 The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1).
4 Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or
5 involved an unreasonable application of, clearly established federal law, as determined by the United
6 States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in
7 light of the evidence presented in the state court proceeding.

8 This Court has reviewed the record with respect to petitioner's claim of ineffective
9 assistance of counsel. Counsel's performance did not fall beyond an objective standard of
10 reasonableness under prevailing norms. Nor has petitioner satisfied the prejudice prong of the
11 *Strickland* analysis, as he has not shown that, but for the alleged errors of counsel, the outcome of
12 the proceeding would have been different. Petitioner's counsel was not ineffective and this Court
13 will deny habeas relief with respect to Ground Two, Part 2.

### 3. Failure to investigate alleged gang affiliation

15 Petitioner claims that his attorney failed to investigate his alleged gang affiliation and
16 failed to object to statements concerning gang affiliation made by the district attorney at sentencing.
17 The Nevada Supreme Court addressed this claim and found that petitioner did not show that his
18 counsel acted unreasonably, and did not show prejudice. (Exhibit T, at p. 6).

19 The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1).
20 Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or
21 involved an unreasonable application of, clearly established federal law, as determined by the United
22 States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in
23 light of the evidence presented in the state court proceeding.

24 This Court has reviewed the record with respect to petitioner's claim of ineffective
25 assistance of counsel. Petitioner does not address the fact that the gang affiliation evidence was

1  based entirely on his own statements to the presentence report writer, who was present at the time of
2  sentencing.  The presentence report sated that petitioner acknowledged that he is "considered an
3  associate member" of a gang.  (Exhibit O).  At the evidentiary hearing on his state habeas petition,
4  petitioner denied that he was an "associate member" but stated that he "associated" with gang
5  members." (Exhibit Q, at p. 16).  Petitioner has not shown that the information regarding his gang
6  association was inaccurate, therefore, trial counsel's failure to comment on it at sentencing was not
7  objectively unreasonable.  Counsel's performance did not fall beyond an objective standard of
8  reasonableness under prevailing norms.  Nor has petitioner satisfied the prejudice prong of the
9  *Strickland* analysis, as he has not shown that, but for the alleged errors of counsel, the outcome of
10 the proceeding would have been different.  Petitioner's counsel was not ineffective and this Court
11 will deny habeas relief with respect to Ground Two, Part 3.

### 4. Failure to object to false accusations at sentencing

13  Petitioner claims that his attorney failed to object to "false accusation and false
14 information" at the sentencing hearing.  The Nevada Supreme Court addressed this claim and found
15 that petitioner did not show that his counsel acted unreasonably, and did not show prejudice.
16 (Exhibit T, at p. 7).

17  The factual findings of the state court are presumed correct.  28 U.S.C. § 2254(e)(1).
18 Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or
19 involved an unreasonable application of, clearly established federal law, as determined by the United
20 States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in
21 light of the evidence presented in the state court proceeding.

22  This Court has reviewed the record with respect to petitioner's claim of ineffective
23 assistance of counsel.  Petitioner presents no factual details as to what false information or
24 accusations were made or how correction of the alleged false information would have affected the
25 sentencing.  Counsel's performance did not fall beyond an objective standard of reasonableness
26

under prevailing norms. Nor has petitioner satisfied the prejudice prong of the *Strickland* analysis, as he has not shown that, but for the alleged errors of counsel, the outcome of the proceeding would have been different. Petitioner's counsel was not ineffective and this Court will deny habeas relief with respect to Ground Two, Part 4.

### 5. Failure to bring to court's attention false information

Petitioner claims that his attorney failed to object to false information in the presentence report at the time of sentencing. The Nevada Supreme Court addressed this claim and found that petitioner did not show that his counsel acted unreasonably, and did not show prejudice. (Exhibit T, at pp. 6-7).

The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

This Court has reviewed the record with respect to petitioner's claim of ineffective assistance of counsel. Petitioner presents no factual details as to what false information was presented or how correction of the alleged false information would have affected the sentencing. Counsel's performance did not fall beyond an objective standard of reasonableness under prevailing norms. Nor has petitioner satisfied the prejudice prong of the *Strickland* analysis, as he has not shown that, but for the alleged errors of counsel, the outcome of the proceeding would have been different. Petitioner's counsel was not ineffective and this Court will deny habeas relief with respect to Ground Two, Part 5.

### 6. Failure to refute aggravating circumstances

Petitioner claims that his attorney was ineffective for failing to refute aggravating circumstances at the time of sentencing. The Nevada Supreme Court addressed this claim and found

12

that petitioner did not show that his counsel acted unreasonably, and did not show prejudice. (Exhibit T, at pp. 7-8).

The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

This Court has reviewed the record with respect to petitioner's claim of ineffective assistance of counsel. Petitioner presents no factual details about the alleged aggravating factors or how their absence would have affected his sentencing. Counsel's performance did not fall beyond an objective standard of reasonableness under prevailing norms. Nor has petitioner satisfied the prejudice prong of the *Strickland* analysis, as he has not shown that, but for the alleged errors of counsel, the outcome of the proceeding would have been different. Petitioner's counsel was not ineffective and this Court will deny habeas relief with respect to Ground Two, Part 6.

### 7. Failure to refute restitution amounts

Petitioner alleges that his attorney was ineffective for failing to refute the amount of restitution at the time of sentencing. The Nevada Supreme Court addressed this claim and found that petitioner did not show that his counsel acted unreasonably, and did not show prejudice. (Exhibit T, at pp. 8-9). The Nevada Supreme Court determined that restitution was not ordered to an insurance company and did not include any future expenses. Counsel could not be ineffective for failing to argue against these things, because they did not happen. (*Id.*, at p. 9).

The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United

1  States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in
2  light of the evidence presented in the state court proceeding.

3  This Court has reviewed the record with respect to petitioner's claim of ineffective
4  assistance of counsel. Counsel's performance did not fall beyond an objective standard of
5  reasonableness under prevailing norms. Nor has petitioner satisfied the prejudice prong of the
6  *Strickland* analysis, as he has not shown that, but for the alleged errors of counsel, the outcome of
7  the proceeding would have been different. Petitioner's counsel was not ineffective and this Court
8  will deny habeas relief with respect to Ground Two, Part 7.

9  **8. Failure to argue for probation**

10  Petitioner claims that his attorney was ineffective for failing to argue for probation at
11  sentencing. The Nevada Supreme Court addressed this claim and found that petitioner did not show
12  that his counsel acted unreasonably, and did not show prejudice. (Exhibit T, at pp. 9-10).

13  The factual findings of the state court are presumed correct. 28 U.S.C. §
14  2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was
15  contrary to, or involved an unreasonable application of, clearly established federal law, as
16  determined by the United States Supreme Court, or that the ruling was based on an unreasonable
17  determination of the facts in light of the evidence presented in the state court proceeding.

18  This Court has reviewed the record with respect to petitioner's claim of ineffective
19  assistance of counsel. The decision of whether or not to argue for probation was a tactical decision
20  made by counsel. Counsel's performance did not fall beyond an objective standard of
21  reasonableness under prevailing norms. Nor has petitioner satisfied the prejudice prong of the
22  *Strickland* analysis, as he has not shown that, but for the alleged errors of counsel, the outcome of
23  the proceeding would have been different. Petitioner's counsel was not ineffective and this Court
24  will deny habeas relief with respect to Ground Two, Part 8.

25
26

14

### 9. Failure to subpoena witnesses for sentencing

Petitioner claims that his attorney was ineffective for failing to subpoena witnesses at the sentencing hearing. The Nevada Supreme Court addressed this claim and found that petitioner did not show that his counsel acted unreasonably, and did not show prejudice. (Exhibit T, at p. 10).

The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

This Court has reviewed the record with respect to petitioner's claim of ineffective assistance of counsel. Petitioner does not specify what witnesses he would have subpoenaed, what they would have said, or how their testimony would have affected the result of his sentencing. The trial court would not have allowed witnesses to testify on behalf of the defense, even if witnesses had been subpoenaed. (Exhibit Q, at p. 31). Trial counsel was not ineffective for failing to do something which was not allowed by the trial court. Counsel's performance did not fall beyond an objective standard of reasonableness under prevailing norms. Nor has petitioner satisfied the prejudice prong of the *Strickland* analysis, as he has not shown that, but for the alleged errors of counsel, the outcome of the proceeding would have been different. Petitioner's counsel was not ineffective and this Court will deny habeas relief with respect to Ground Two, Part 9.

### 10. Failure to call character witnesses

Petitioner alleges that his attorney was ineffective for failing to call character witnesses at the sentencing hearing. The Nevada Supreme Court addressed this claim and found that petitioner did not show that his counsel acted unreasonably, and did not show prejudice. (Exhibit T, at p. 10).

The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet his burden of proving that the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

This Court has reviewed the record with respect to petitioner's claim of ineffective assistance of counsel. The trial court would not have allowed witnesses to testify on behalf of the defense, even if witnesses had been called to speak. (Exhibit Q, at p. 31). Trial counsel was not ineffective for failing to do something which was not allowed. Counsel's performance did not fall beyond an objective standard of reasonableness under prevailing norms. Nor has petitioner satisfied the prejudice prong of the *Strickland* analysis, as he has not shown that, but for the alleged errors of counsel, the outcome of the proceeding would have been different. Petitioner's counsel was not ineffective and this Court will deny habeas relief with respect to Ground Two, Part 10.

### C. Ground Three

Petitioner claims that counsel failed to investigate his alleged gang affiliation, his prior counts of theft, and failed to ensure the accuracy of the presentence report. Petitioner contends that for these reasons, his trial counsel was ineffective. (Petition, Docket #4, at p. 8). This ineffective assistance of counsel claim is duplicative of the claims made at Ground Two, Parts 2-5, which this Court has found to be without merit. As such, habeas relief is denied with respect to Ground Three.

### D. Ground Four

Petitioner alleges that the trial court erred in the determination of the restitution amount. Petitioner alleges that the trial court ordered restitution based on "uncertain terms, future expenses, and insurance companies which are not victims pursuant to the provisions of NRS 176.033." (Docket #4, at p. 9). Petitioner raises this claim under state law. An issue of state law,

16

such as application of a restitution statute, is outside the scope of federal habeas corpus review. *Estelle v. McGuire*, 502 U.S. 62, 72 (1992). Ground Four of the federal petition fails to present a question of federal law and habeas relief is denied.

### E. Ground Five

Petitioner claims cumulative error, such that he should be given a new sentencing. As discussed previously in this order, petitioner has not raised any meritorious instances of error regarding his sentences. As such, there can be no cumulative error. Habeas relief is denied as to Ground Five.

### IV. Certificate of Appealability

In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

### V. Conclusion

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **DENIED IN ITS ENTIRETY**.

17

1 **IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

DATED: March 25, 2009.

*Philip M. Pro*

PHILIP M. PRO
United States District Judge